IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIIN TRILLO, JR.,

        Plaintiff,                    No. CIV S-06-0075 DFL DAD P

   vs.

N. GRANNIS, et al.,                  <u>ORDER</u>

        Defendants.

_____/

        On January 8, 2007, plaintiff filed a motion to extend discovery. Plaintiff claims he served a request for production of documents and a first set of interrogatories on defendants November 12, 2006, by placing the requests in a legal mail drop box. On December 11, 2006, plaintiff received a letter from defendants explaining that plaintiff's discovery requests were untimely and therefore defendants would not respond to them. According to defendants' letter, the envelope plaintiff used to mail his discovery requests showed that a correctional officer acknowledged receipt of the envelope on November 20, 2006, and the envelope was postmarked November 21, 2006. To meet the discovery deadline set in the court's September 11, 2006 scheduling order, plaintiff was required to serve discovery requests no later than November 14, 2006. Plaintiff maintains that he placed his discovery requests in the legal mail drop box on

/////

November 12, 2006, but no officer looked into the mailbox or retrieved the requests until November 20, 2006.

Under the mailbox rule, the court considers a document "filed" on the date that it is given by an inmate to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988). In Caldwell v. Amend, 30 F.3d 1190, 1201-02 (9th Cir. 1994) the court interpreted the "bright-line rule" announced in Houston as requiring that a pro se prisoner's motion be considered filed on the date the plaintiff places the motion in the prison's "legal mailbox." The court explained that, for purposes of the Houston rule, "a pro se prisoner's deposit of a letter in a legal mailbox constituted delivery to prison authorities . . . ." Id. at 1203.

Defendants have not presented the court any evidence that is inconsistent with plaintiff's claim that he deposited the discovery request in the legal mail drop box on November 12, 2006. Accordingly, it would appear that plaintiff filed his request for production of documents and first set of interrogatories in a timely fashion. In any event, because plaintiff's actions at the very least demonstrate a good faith effort to comply with the court's scheduling order, plaintiff's motion for a brief extension of time for discovery will be granted.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time is granted with respect to his previously served request for production of documents and first set of interrogatories.

2. Defendants shall respond to plaintiff's request for production of documents and first set of interrogatories by April 13, 2007.

3. The deadline for filing all pretrial motions, except motions to compel discovery, shall be continued from March 9, 2007 to April 27, 2007. Motions shall be briefed in accordance with paragraph 7 of this court's order filed February 10, 2006.

4. Plaintiff shall file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial on or before August 31, 2007. Defendants shall file and serve their pretrial statement on or before September 14, 2007. The parties are advised that

failure to file and serve a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

     5. Pretrial conference (as described in Local Rule 16-282) is set in this case for September 21, 2007, before the magistrate judge. The pretrial conference shall be conducted on the file only, without appearance by either party.

     6. This matter is set for jury trial before the Honorable David F. Levi on December 10, 2007 at 8:30 a.m. in Courtroom No. 7.

     7. Except as set forth in this order, the scheduling order filed September 11, 2006, remains in effect.

DATED: February 27, 2007.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
tril0075.schedomod