IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN TRILLO,

               Plaintiff,

        vs.

N. GRANNIS, *et al.*,

               Defendants.

No. 2:06-cv-00075-JKS-DAD

ORDER

Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On January 11, 2008, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days.  Plaintiff has filed objections to the Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Plaintiff objects to the findings of the Magistrate Judge that (1) the delay in providing treatment for Plaintiff's hypertension was not unreasonable and the course of treatment provided medically acceptable; (2) the delay in providing treatment for  Plaintiff's degenerative disease of the cervical and lumbar spine was not unreasonable and the course of treatment was medically acceptable; (3) the delay in providing treatment for Plaintiff's carpal tunnel syndrome was not unreasonable and the course of treatment was medically acceptable; (4) the prescribed course of

treatment for pain management was medically acceptable; and (5) the delay in providing treatment for Plaintiff's Hepatitis C was not unreasonable and the course of treatment was medically acceptable.  Plaintiff's objections fall into two basic categories: (1) that the prescribed treatment was inadequate or ineffective; and (2) the requests for consultations by specialists should have been deemed "urgent."  In general, for the most part, Plaintiff does nothing more than reiterate the arguments he made in his opposition to Defendants' motion for summary judgment.

The Supreme Court, holding that the infliction of unnecessary suffering on prisoners violated the Eighth Amendment, stated in *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation marks and citations omitted):

> [D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Constitution.  *Id.*, at 106.  In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."  *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

In determining deliberate indifference, the court scrutinizes the particular facts and looks for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.  *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). The Ninth Circuit recently spoke to the subject of the appropriate test under *Estelle* in *Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citations omitted).

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong—defendant's response to the need was deliberately indifferent—is satisfied

by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Yet, an inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983. A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs. If the harm is an isolated exception to the defendant's overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.

A defendant must purposely ignore or fail to respond to a prisoner's pain or medical need in order for deliberate indifference to be established. Where the claim is based upon delay in providing a specified treatment, a prisoner has no claim for deliberate medical indifference unless the delay was harmful. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

As recited in the Findings and Recommendations, Plaintiff's medical history shows an extensive series of medical examinations, consultations, and tests to both diagnose and treat Plaintiff's several ailments. Even accepting as true Plaintiff's assertions that the various courses of treatment prescribed were ineffective does not carry the day. Other than his own opinion, Plaintiff provided no evidence that the prescribed treatments were medically inappropriate or, more importantly, what alternative treatment should have been prescribed. As the Magistrate Judge correctly noted, differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

While, as the Magistrate Judge noted, the evidence in the record shows inefficiencies and delay, at most, it establishes medical malpractice, but not "deliberate indifference." While making the requests for consults with outside specialists "urgent" undoubtably was subjectively necessary from Plaintiff's standpoint, there is no evidence in the record, viewed objectively, that there was any medical necessity for expediting referral to outside specialists. Delays and waiting to see medical specialists are not uncommon in the world outside prisons.

Plaintiff's complaints about the delay in referring him to an orthopedic specialist concerning his chronic degenerative spine disease, as well as the statements as to what he was allegedly told by the orthopedic specialist concerning the effect of the delay, are not only not supported by, but are contrary to, Plaintiff's medical records.  More specifically the results of the October 2003 MRI that revealed only mild degenerative disc disease at L1-2 and L2-3, and the May 2004 MRI that revealed degenerative disc disease at C5-6 and C6-7.  The orthopedic specialist not only did not recommend surgery but recommended a whole body bone scan to rule out metastasis as a source of Plaintiff's pain.  This directly contradicts Plaintiff's claim as to what he was told by the orthopedic specialist concerning the advanced state of his degenerative disc disease and its purported effect on the advisability of a surgical procedure as well as the conclusion that the delays were unreasonable.

The record shows that a referral to an outside specialist for Plaintiff's carpal tunnel syndrome was ordered in March 2003, reordered in November 2003, and in July 2004 an urgent request was submitted that resulted in a consultation in September 2004.  In November 2004 Plaintiff was seen by another outside specialist who recommended carpal tunnel release procedures, which was performed on Plaintiff's right hand in April 2005.  While the Court shares the Magistrate Judge's view that the delay in referral is troubling, the uncontradicted evidence is that these delays were not within the control of any of the Defendants.  In any event, the fact that outside consultations were ordered establishes a lack of deliberate indifference.

Plaintiff contends that treatment for his Hepatitis C condition was delayed for more than a year because of the failure to re-schedule a liver biopsy after the first biopsy attempt in September 2003 failed to produce a specimen, which degraded the effectiveness of the treatment. This assertion is belied by the record that shows treatment was ordered in January 2004, after Plaintiff had missed appointments in December and early January.  Plaintiff's reliance on the opinion of Dr. Natalie Bzowej is misplaced and misinterpreted.  Although Dr. Bzowej opined that the earlier treatment was started the more likely it would be effective, she also opined that the treatment for Hepatitis C should start at stage 2, not earlier.  A biopsy performed in March 2006 showed a "very mild disease, grade 2, stage 2."  Plaintiff's medical records do not support his claim that the delay caused him harm.

ORDER
*Trillo v Grannis*, 2:06-cv-00075-JKS-DAD                    4

Accordingly, IT IS HEREBY ORDERED THAT:

1.    The Findings and Recommendations filed January 11, 2008, are adopted in full;

2.    Defendants' motion for summary judgment at Docket No. 25 is GRANTED;

3.    The Complaint is DISMISSED, with prejudice; and

4.    The Clerk of the Court to enter final judgment accordingly.

Dated:  May 8, 2008.

_s/ James K. Singleton, Jr._
JAMES K. SINGLETON, JR.
United States District Judge